IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW LA BREC,

                         Plaintiff,

    v.                                                                                                          OPINION and ORDER

DANIEL LA VOIE, JUSTIN RIBAULT, KRISTINE                                         22-cv-284-jdp
LYON, JEANIE M. KRAMER, and JAMES T.
MURPHY,

                         Defendants.

---

Plaintiff Matthew La Brec is proceeding on several claims related to the treatment of his back pain at Columbia Correctional Institution (CCI). Three motions are before the court: La Brec's motion for a preliminary injunction and Kristine Lyon and James Murphy's motions for summary judgment based on La Brec's failure to exhaust his administrative remedies. Dkt. 4; Dkt. 55; Dkt. 60. For the reasons explained below, I will deny all of these motions.

ANALYSIS

**A. Preliminary injunction**

La Brec moves for a preliminary injunction directing Daniel La Voie (the medical director for the Wisconsin Department of Corrections) and James Murphy (a doctor who treated La Brec at CCI) to renew his prescription for gabapentin. Dkt. 9. Defendants oppose the motion on the ground that La Brec's request for injunctive relief is moot.

La Brec was transferred to the Wisconsin Resource Center after he filed his motion for a preliminary injunction. Dkt. 52, ¶ 1. Shortly after his transfer, medical staff at the center prescribed him gabapentin, which he is still taking today. *Id.*, ¶¶ 2–3. None of the defendants

have control over the medication prescribed to La Brec while he is at the center. *Id.*, ¶¶ 4–6. Defendants contend that these factual developments render La Brec's request for injunctive relief moot, relying on cases in which a prisoner was transferred to a different prison that didn't impose the same conditions the prisoner was challenging. *See, e.g., Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011).

In his reply brief, La Brec says that his request for injunctive relief isn't moot because placements at the center are temporary, and he could be returned to CCI or another prison under the control of La Voie at any time. La Brec doesn't cite any evidence for these allegations, but I am aware from other cases that placements at the center are for treatment of specific mental health needs, not as permanent housing. *See, e.g., Davis v. Harding*, 2014 WL 4976605, at *3 (W.D. Wis. 2014); *Hedgespeth v. Bartow*, 2010 WL 2990897, at *2 (W.D. Wis. 2010).

Voluntary cessation of challenged conducted renders a request for an injunction moot only if it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 189 (2000). I will assume for the purpose of La Brec's motion that his request for injunctive relief isn't moot because there is a possibility that La Voie or Murphy will control La Brec's medical care at some point in the future and that they could discontinue his gabapentin prescription at that time. But the question whether a claim for injunctive relief is moot is not the same as the question whether a plaintiff is entitled to preliminary injunctive relief. A preliminary injunction is an extraordinary remedy, so a possibility of harm isn't enough. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008). Rather, the plaintiff must show that he is *likely* to suffer irreparable harm and that the harm will occur before the plaintiff receives a final decision on the merits. *Id.*

2

La Brec hasn't made that showing. Even if I assume that La Brec will be transferred back to CCI at some point, La Brec admits that he doesn't know when that will be, so it could be after this lawsuit is resolved. It also would be speculative to infer that La Voie or another defendant would discontinue La Brec's gabapentin prescription. La Voie avers that requests for non-formulary drugs like gabapentin "are reviewed on a case-by-case basis," Dkt. 53, ¶ 5, and La Brec cites no contrary evidence. So any decision regarding changes to La Brec's prescriptions would have to be considered again if and when La Brec is transferred from the center. And that decision likely would take into account that La Brec had been receiving gabapentin while he was housed at the center.

Under these circumstances, it would be premature to issue an injunction now. Because La Brec hasn't shown irreparable harm, it isn't necessary to consider the other requirements for obtaining a preliminary injunction. *See DM Trans, LLC v. Scott*, 38 F.4th 608, 618 (7th Cir. 2022).

In the event that the court denies his motion, La Brec asks the court to stay the case while he pursues an interlocutory appeal. La Brec hasn't yet filed an appeal, so this request is premature. But even if it weren't, I would deny the request. La Brec is entitled to file an appeal, but he isn't entitled to a stay, which is a decision within the discretion of the court. *See Planned Parenthood of Wisconsin, Inc. v. Van Hollen,* 2013 WL 12233948, at *1 (W.D. Wis. 2013). A stay of proceedings may be appropriate when the appellant has a significant likelihood of success on appeal and a reversal would lead to a waste of resources. But that's not the situation here. La Brec has made no showing that he is likely to be harmed before a decision on the merits, and there will be no wasted resources if the case proceeds pending an appeal. Even if the court of appeals were to grant La Brec's motion for a preliminary injunction, the case would

3

still have to continue to a final decision, so a stay isn't appropriate. La Brec appears to want a stay so that he doesn't have to litigate in two courts at once. But it will be his choice if he decides to pursue an interlocutory appeal. That's not a reason to stay the proceedings in this court.

B. Exhaustion

A person confined in a prison or jail may not bring a federal claim about his conditions of confinement "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This means that a prisoner must follow all the facility's rules for completing the grievance process. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). If a prisoner fails to comply with § 1997e(a), the court must dismiss any unexhausted claims without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). But a prisoner's failure to exhaust is an affirmative defense that the defendants must prove. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

Only two of the defendants seek dismissal for failure to exhaust: Lyon and Murphy. La Brec's claim against both of them is virtually the same. Specifically, he says that both defendants prescribed him medication such as Tylenol and ibuprofen, which they knew was ineffective for him. Dkt. 17, ¶¶ 40–42 and 61–62. Lyon and Murphy's arguments for dismissing the claims are similar too. Both contend that La Brec failed to file a grievance that specifically addressed their individual treatment decisions, which they made in March 2021 and April 2022, and that any potentially related grievance was filed too early or too late.

Defendants' motions aren't fully briefed, but it isn't necessary to wait for La Brec to respond because it is clear that defendants aren't entitled to relief. The grievance materials defendants filed with the court show that La Brec exhausted his available remedies.

4

La Brec filed grievances in 2020, 2021, and 2022 about inadequate treatment for his pain. In September 2020, La Brec complained about his gabapentin being discontinued, and he alleged that the Tylenol and ibuprofen prescribed for him were ineffective. Dkt. 57-3. In April 2021, he complained more generally that he was not receiving adequate treatment for his back pain. He again complained about being denied gabapentin, and he alleged that the Tylenol and ibuprofen weren't effective. Dkt. 57-4. In February 2022, he complained that "CCI Medical Staff" were prescribing him medications that they knew to be ineffective. Dkt. 57-6. Each of these grievances were denied on the merits, and neither Lyon nor Murphy contend that La Brec failed to properly complete the grievance process for any of these grievances.

Wisconsin's rules say that a prisoner's administrative complaint "must contain sufficient information for the department to investigate and decide the complaint." Wis. Admin. Code § DOC 310.07(6). When, as in this case, "the applicable regulations provide little guidance regarding the required contents of a prison administrative complaint, . . . an inmate's complaint will suffice for exhaustion purposes if it provides notice to the prison of the nature of the wrong for which redress is sought." *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020) (internal quotation marks omitted). *See also Strong v. David,* 297 F.3d 646 (7th Cir. 2002) ("All the grievance need do is object intelligibly to some asserted shortcoming.").

The grievances La Brec filed meet this standard. He repeatedly complained that the treatment he was receiving for his back pain was ineffective, and he identified by name the medications that Lyon and Murphy had prescribed. That was enough to provide the prison administration with notice of the problem that is the basis for his claims against Lyon and Murphy, which is that they prescribed him medications that they knew to be ineffective for him.

Defendants are correct that La Brec didn't identify either of them by name in his grievances. But defendants cite no prison rule that would have required La Brec to do that, and it is well established that § 1997e(a) doesn't require prison grievances to name potential defendants. *See Jones v. Bock*, 549 U.S. 199, 217–19 (2007). This is because "the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2003) (cited with approval in *Jones*, 549 U.S. at 219).

Defendants are also correct that La Brec didn't file a grievance immediately after his interactions with them. Lyon says that La Brec filed his April 2021 grievance more than 14 days after his interaction with her in March 2021. Lyon doesn't explain why that matters, but presumably she means to contend that La Brec missed the 14-day deadline for filing a grievance under Wis. Admin. Code § DOC 310.07(2). But regardless of whether La Brec's grievance was late, that's not a ground for dismissing La Brec's claim. Prison administrators decided La Brec's April 2021 grievance on the merits, so any problem related to timeliness was waived. "Where prison officials address an inmate's grievance on the merits without rejecting it on procedural grounds, the grievance has served its function of alerting the state and inviting corrective action, and defendants cannot rely on the failure to exhaust defense." *Maddox*, 655 F.3d at 721–22.

Murphy raises the opposite objection, contending that La Brec filed no relevant grievances after April 2022 when Murphy treated La Brec. But "prisoners need not file multiple, successive grievances raising the same issue . . . if the objectionable condition is continuing." Rather, "[s]eparate complaints about particular incidents are only required if the underlying facts or the complaints are different." *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013). By April 2022, La Brec had already filed multiple grievances about being prescribed

6

Tylenol and ibuprofen rather than gabapentin or another effective medication, so the prison administration had multiple opportunities to address that issue. Filing a new grievance that complained specifically about Murphy's continuation of the same treatment would not have provided the administration with any new information that was relevant to resolving the underlying problem. This is shown by the complaint examiner's resolution of La Brec's October 2021 grievance. Even though La Brec was complaining about new incidents and new decisions, the examiner rejected his complaint because La Brec was complaining about the same issue as his April 2021 grievance, namely, the failure to adequately treat his pain. *See* Dkt. 57-5, at 2.

I conclude that La Brec exhausted his administrative remedies for his claims against Lyon and Murphy. Their motions for summary judgment will be denied.

ORDER

IT IS ORDERED that:

1. Plaintiff Matthew La Brec's motion for a preliminary injunction, Dkt. 4, is DENIED.

2. The motions for summary judgment filed by defendants Kristine Lyon and James Murphy, Dkt 55 and Dkt. 60, are DENIED.

Entered January 5, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge