IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW LA BREC,

                  Plaintiff,

  v.                                                OPINION and ORDER

DANIEL LA VOIE, JUSTIN RIBAULT, KRISTINE
LYON, JEANIE M. KRAMER, and JAMES T.         22-cv-284 jdp
MURPHY,

                  Defendants.

---

Pro se plaintiff and prisoner Matthew La Brec is proceeding on claims under the Eighth Amendment and state law related to the treatment of his pain at Columbia Correctional Institution. La Brec now moves under Federal Rule of Civil Procedure 37 to compel defendants to fully comply with his discovery requests. For the reasons explained below, I will grant the motion in part and deny it in part.

ANALYSIS

La Brec's motion is divided into two parts: (1) discovery requests to the defendants who are represented by the Wisconsin Department Justice; and (2) discovery requests to Kristine Lyon, who is represented by separate counsel. After La Brec filed his motion, both sets of defendants supplemented their discovery responses. La Brec's reply brief addresses only some of the discovery requests raised in his opening brief, so I will assume that defendants' supplemental responses addressed La Brec's other concerns.

**A.  State-represented defendants**

La Brec seeks to compel defendants to supplement one request for production of documents and seven requests for admission.

La Brec's Request for Production 4 asks for "The work schedule for Defendant Kristine Lyons from the start of her employment at CCI, through her no longer working, this should indicate actual days spent at the institution." Dkt. 71-2, at 2. Defendants' only objection to this discovery request is that Lyons was a contract employee, so the Wisconsin Department of Corrections "does not have access to Defendant Lyon's schedule or timesheets," which are "in the possession and control of the agency that employed" her. Dkt. 78, at 3.

Defendants apply an overly technical reading of La Brec's request. It may be correct that only Lyon's employer has custody of her schedule and timesheets, but the essence of La Brec's request was that he wanted the dates that Lyons worked at the prison. It would be surprising (and concerning) if the department did not retain records of the dates that healthcare professionals worked at the prison, regardless of whether they were contract employees or employed directly by the department. Based on this understanding of La Brec's request, I will direct defendants to supplement their response to Request for Production 4. If defendants take the position that they do not have documents showing the dates that Lyon worked at the prison, they should provide a declaration from an appropriate records custodian stating that the department does not retain such documents.

As for La Brec's requests for admission, I will deny his motion to compel, with two exceptions. For the most part, La Brec is simply trying to force defendants to agree with his view of the evidence. For example, La Brec's Request for Admission 12 states that "Kramer believed to a reasonable degree of medical certainty that I had nerve pain that required

2

treatment." Dkt. 71-3, at 3. La Brec contends that defendants can't refuse to admit that statement because Kramer prescribed gabapentin for him. La Brec is free to argue in a summary judgment brief or at trial that it is reasonable to infer from Kramer's conduct that she believed he had nerve pain requiring treatment, but the document he cites doesn't establish that, and defendants have explained their reasons why they disagreed with the statement, *see* Dkt. 78, at 5–6, so defendants didn't violate Rule 36 by refusing to admit the statement. Most of La Brec's other requests for admission are similarly about interpretations of the evidence rather than facts that can't be disputed.

But I will require defendants to supplement two of their responses to La Brec's requests for admission. La Brec's Request for Admission 15 is "Plaintiff was stopped from taking gabapentin 'cold turkey,' or without any titration in the dose due to Ribault's actions or inactions." In refusing to admit this statement, defendants focus on the words "cold turkey," and they contend that La Brec hasn't cited any documents using that term. This again is an overly technical reading of La Brec's request. To be fair, the use of subjective terms like "cold turkey" are not usually appropriate in the context of a request for admission because they raise ambiguity about what exactly the party is admitting. But La Brec's request can be easily rephrased in a more straightforward form that tracks the claim on which La Brec is proceeding against Ribault: "Ribault did not taper the dose before discontinuing La Brec's gabapentin prescription in 2020." I will direct Ribault to respond to that phrasing of the request. If Ribault refuses to admit the statement, he should explain why he is unable to do so.

La Brec's Request for Admission 35 is "Lavoie has no specialist degree that qualifies him as a specialist in the fields of medicine relating to the spine, spinal cord, or the related nerves." Defendants interpreted this as a request to admit that Lavoie wasn't qualified to make

3

a medical judgment about La Brec's condition, and they denied the request, stating that "[c]hronic back pain is a very common condition that is largely treated by primary care specialists, including family physicians." Dkt. 71-3, at 6. This isn't responsive to La Brec's request. La Brec could have worded his request more carefully, but the request isn't asking Lavoie to admit that he wasn't qualified to treat chronic back pain; it's asking him to admit that he wasn't a specialist in certain fields. I will rephrase the request as follows "Lavoie is not a specialist in treating the spine, spinal cord, or related nerves." Defendants are directed to respond to that request.

**B. Kristine Lyon**

La Brec is proceeding on one claim against Lyon, specifically, that she refused to change La Brec's pain medication after she examined him once in 2021. La Brec seeks to compel Lyon to supplement two interrogatories and eight requests for production. I will deny these requests.

The two interrogatories at issue are both asking for Lyon's medical opinion:

> 3) In your professional medical opinion, what was the plaintiff's diagnosis relevant to the claims at issue in this lawsuit? If your response is also set forth in [documents], produce them.
>
> 4) In your professional medical opinion, what did you believe the plaintiff's symptoms/complaints to be caused by? If your response is set forth in any documents, produce them.

Dkt. 71-4, at 1. In response, Lyon said that she had "no information that would be responsive" to these requests. Dkt. 71-6, at 2–3. In her brief, she clarifies that she doesn't believe she has an adequate basis to provide an opinion about either issue. Even assuming that a medical opinion is an appropriate basis for an interrogatory, Lyon cannot be forced to give an opinion that she doesn't have, so I will deny this part of La Brec's motion. But this also means that Lyon may not offer self-serving opinions at summary judgment or trial that are responsive to

4

either interrogatory. I will treat Lyon's response as an admission that she never determined a diagnosis for La Brec or what the cause of his symptoms was.

The requests for production at issue are all asking for documents related to policies and procedures of Lyon's former employer for providing medical care. Dkt. 71-6, at 3–5. Lyon says in her declaration that her job duties at the prison were not "governed or controlled in any way by Premier Physician Services LLC [her former employer], nor by any policy, procedure, guidelines, or standard of Premier Physician Services LLC," that she never received any policies from Premier that would be responsive to La Brec's requests, and that she is no longer employed by Premier, so she would not have access to any of its policies or procedures. Dkt. 74, ¶¶ 8–11.

Lyon cannot be required to produce documents that don't exist or that she doesn't have access to. La Brec says that he doesn't believe Lyon, but he cites no evidence. Lyon submitted a declaration to support her discovery response, and there is nothing suspicious about a staffing agency that doesn't have policies about medical care that is provided at the prison. It makes sense that any policies governing Lyon's treatment would come from the Department of Corrections, which was the entity ultimately responsible for providing care. I will deny this aspect of La Brec's motion.

ORDER

IT IS ORDERED that Mathew LaBrec's motion to compel discovery, Dkt. 70, is GRANTED in part and DENIED in part. No later than June 16, 2023, defendants Justin Ribault, Daniel Lavoie, Jeanie Kramer, and James Murphy are directed to file supplemental

5

responses to La Brec's Request for Production 4 and Requests for Admission 12 and 15 (as rephrased by the court). The motion to compel is DENIED in all other respects.

Entered June 1, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge